IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS MACK LEWIS,<br>TDCJ-CID NO. 646507,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal<br>Justice, et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-0002 |

**MEMORANDUM OPINION AND ORDER**

Curtis Mack Lewis, an inmate incarcerated at the L. V. Hightower Unit of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ"), has filed a prisoner civil rights complaint alleging denial of medical services. He has also filed an application to proceed as a pauper. Lewis has a history of filing prisoner civil rights complaints, many of which have been dismissed as frivolous, malicious, or without any claim upon which relief could be granted. The court will dismiss this action because of Lewis's litigation history. 28 U.S.C. § 1915(g).

## I. Claims and Allegations

Lewis asserts that he has the following ailments:

1. heart disease;
2. hypertension;

3. diabetes;

4. liver disease;

5. cardiovascular disease;

6. peripheral artery disease;

7. sclerosis of the arteries;

8. diabetic neuropathy;

9. sciatic nerve damage;

10. lumbar spinal disorder; and

11. degenerative disc disease.

Docket Entry No. 1, p. 3.

Lewis further alleges that he may have other maladies, such as kidney disease and liver cancer, that have not been diagnosed. Id. He claims that doctors have willfully and systematically denied him adequate medical treatment since July of 2003. Lewis cites incidents in which he was allegedly denied treatment for his spinal problems from 2004 through 2008. Id. He further complains that he was denied treatment for his heart condition during 2009, 2010, 2011, and 2012. The last alleged denial occurred on June 5, 2012. Id. at 4. Lewis names five doctors who are located at other units: Bruce Smith, MD (Wayne Scott); Ricardo Victoria, MD (Wayne Scott); Aftab S. Ahmad, MD (Jester III); Tawna L. Smith, MD (Jester III); and J. Coronada, MD (Connelly Unit). Lewis only names one defendant who is assigned to the Hightower unit where Lewis is incarcerated, Senior Warden D. Blackwell. Lewis seeks the following relief:

1. a declaration that the above described acts and omissions have violated Lewis's constitutional rights;

2. a preliminary and permanent injunction mandating proper and adequate medical care for Lewis;

3. an order authorizing outside medical care for Lewis;

4. a jury trial; and

5. any additional relief that may be appropriate.

## II. Analysis

Barring a show of imminent danger, under the Prison Litigation Reform Act of 1995 a prisoner may not file an action without prepayment of the filing fee if he has, on three or more prior occasions, filed a prisoner action in federal district court or an appeal in a federal court of appeals that was dismissed as "frivolous, malicious or [for] failure to state a claim upon which relief may be granted, unless [he] is in imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996). Lewis accumulated at least six such dismissals before filing the complaint in this action, and is no longer allowed to proceed in forma pauperis pursuant to the provisions of section 1915(g) unless he is in imminent danger. See Lewis v. Collins, Civil Action No. H-95-1225 (S.D. Tex. Oct. 5, 1995); Lewis v. Collins, Appeal No. 95-20899 (5th Cir. Feb. 29, 1996) (affirming No. H-95-1225); Lewis v. Collins, Civil Action No. G-94-3233 (S.D. Tex. Jan. 18, 1996); Lewis v. Collins, Civil

Action No. H-95-5584 (S.D. Tex. Dec. 11, 1996); Lewis v. Collins, Civil Action No. H-95-3276 (S.D. Tex. Jan. 29, 1996); Lewis v. Collins, Appeal No. 95-20244, 1996 WL 405446 (5th Cir. June 25, 1996).

In dismissing the appeal filed in Cause No. 95-20244, the United States Court of Appeals for the Fifth Circuit also found that Lewis had been previously warned against filing frivolous appeals but failed to heed the Fifth Circuit's admonition. Lewis, 1996 WL 405446. Consequently, the Fifth Circuit barred Lewis from filing "any pro se, in forma pauperis, civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court." Id. Lewis has failed to obtain such permission. The Fifth Circuit also instructed the clerk of that court and all courts within the Circuit "to return to Lewis, unfiled any attempted submission inconsistent with this bar." Id.

In an apparent attempt to side-step section 1915(g)'s three-strikes bar, Lewis has submitted a typed motion to proceed in forma pauperis claiming that he is in imminent danger of physical harm (Docket Entry No. 3). In support of this claim Lewis repeats his allegations that he suffers from coronary disease and asserts that he has not had adequate medical treatment. Id. at 4. He states that he "strongly feels that he may have a massive heart attack or

a serious stroke because of the faint feelings and the pain he experiences in both, his left and right [Carotid Arteries]." Id.

Lewis has previously used this tactic, which was rejected by the district court because it was clear that he was tailoring his allegations to circumvent the three-strikes bar. See Lewis v. Trinci, H-05-1224 (Order of Dismissal, Docket Entry No. 5, p. 5). Similarly, Lewis's allegations and arguments in the current complaint demonstrate his dissatisfaction with the level of care he is receiving, which is insufficient to support a claim of deliberate indifference. See Sama v. Hannigan, 669 F.3d 585, 590-591 (5th Cir. 2012); Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

Although the court must liberally construe a prisoner's claims and generally accept the truth of his assertions, this does not allow a prisoner, barred under section 1915(g), to proceed as a pauper when his claims of endangerment are based only on conclusory allegations. Vandiver v. Prison Health Services, Inc., 727 F.3d 580, 585 (6th Cir. 2013). Lewis does not present any specific facts showing that any health provider was deliberately indifferent to his serious health needs. Moreover, he fails to demonstrate that he was in any danger at the time he filed his complaint. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

The court has at least twice previously informed Lewis that he is barred from filing a prisoner civil rights complaint without

paying the fee in advance unless he can show he is in imminent danger. See Lewis v. Trinci, H-05-1224; Lewis v. Trinci, H-05-1241 (S.D. Tex. Apr. 26, 2005). Being a frivolous filer with a long history of vexatious litigation, Lewis cannot be allowed to file another complaint without making an explicit showing that he is in imminent danger of serious physical harm attributable to acts or omissions by custodial officials. See Pettus v. Morgenthau, 554 F.3d 293, 297-298 (2d Cir. 2009). Further, Lewis must show that there is a nexus of the alleged danger and the asserted civil rights violation. Id. Having failed to do so, the pauper's application must be denied,[1] and Lewis cannot be allowed to proceed without paying the fee in advance. The court will dismiss the complaint filed in this action without prejudice to payment of the entire $400 filing fee in advance. 28 U.S.C. § 1915(g).

## III. Conclusion

The court **ORDERS** the following:

1. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 3) is **DENIED**.

2. The prisoner civil rights Complaint (Docket Entry No. 1), filed by TDCJ inmate Curtis Mack Lewis, TDCJ No. 646507, is **DISMISSED WITHOUT PREJUDICE**. 28 U.S.C. § 1915(g).

---

[1]The Application to Proceed Without Prepayment of Fees is also subject to denial because Lewis failed to attach a certified copy of his inmate trust fund statement for the 6-month period preceding the filing of this action. 28 U.S.C. § 1915(a)(2).

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 9th day of January, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE